IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. BANK as GUARDIAN and REPRESENTATIVE of the ESTATE of JANE DOE, a minor | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 07 C 1075 |
| THE BOARD OF EDUCATION OF EAST MAINE SCHOOL DISTRICT NO. 63, et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Board of Education of East Maine School District No. 63's ("Board"), Defendant Scott Herrmann's ("Herrmann"), and Defendant Kathleen Williams' ("Williams") (collectively referred to as "Defendants") partial motion to dismiss. For the reasons stated below, we grant in part and deny in part the partial motion to dismiss.

## BACKGROUND

Plaintiff alleges that from 2002 to 2003, a minor identified as "Jane Doe" ("Minor") was enrolled in a math class that was taught by Defendant Donald N. Blitz

1

("Blitz") at Gemini Jr. High School ("School"). According to Plaintiff, Blitz asked the Minor to stay after class one day to discuss her grade and Blitz then sexually assaulted the Minor after class. Blitz allegedly threatened to give the Minor a poor grade in the class if she did not continue to acquiesce to future sexual assaults. Plaintiff claims that between November 2002 and November 2003, Blitz sexually assaulted the Minor on several other occasions. According to Plaintiff, Blitz would close the door to his classroom during the assaults. Plaintiff claims that Herrmann, the principal of the School, Williams, the district superintendent, and the Board were aware of the danger that Blitz posed to the students. According to Plaintiff, there had been prior investigations concerning allegations that Blitz had inappropriately touched other female students. Plaintiff also claims that Defendants failed to properly supervise Blitz.

Plaintiff brought the instant action as the representative of the estate of the Minor and includes in its second amended complaint a negligent retention claim brought against the Board, Herrmann, and Williams (Count I), a negligent supervision claim brought against the Board, Herrmann and Williams (Count II), a negligent infliction of emotional distress claim brought against the Board, Herrmann, and Williams (Count III), a willful and wanton misconduct claim brought against the Board, Herrmann, and Williams (Count IV), an assault and battery claim brought against Blitz (Count V), a claim brought against Blitz, Herrmann, and Williams alleging a violation 42 U.S.C. § 1983 ("Section 1983") based upon violation of the Minor's right to be free from sexual abuse (Count VI), and a claim brought against

the Board alleging sex discrimination in violation of Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 *et seq.* (Count VII). Defendants move to dismiss Counts I, II, III, IV, and VI.

## LEGAL STANDARD

In ruling on a motion to dismiss, brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts, a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination,

so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

## DISCUSSION

I. Negligent Retention Claim (Count I)

Defendants argue that the Board cannot be held liable for negligent retention because the Board has immunity and that Herrmann and Williams cannot be held liable for negligent retention because they lacked the authority to discharge Blitz.

A. Negligent Retention by Board

Defendants argue that the Board is immune to a negligent retention claim under Section 2-201 of the Local Governmental and Governmental Employees Tort Immunity Act ("Section 2-201"), 745 ILCS 10/2-201. Section 2-201 provides that

4

"[e]xcept as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 ILCS 10/2-201. A public school board is a local public entity and the term "employee" in Section 2-201 "includes a present or former officer, member of a board, commission or committee, agent, volunteer, servant or employee, whether or not compensated, but does not include an independent contractor." 745 ILCS 10/1-206; 745 ILCS 10/1-202. Pursuant to Section 2-201, "an employee may be granted immunity if he holds *either* a position involving the determination of policy *or* a position involving the exercise of discretion" and "immunity will not attach unless the plaintiff's injury results from an act performed or omitted by the employee in determining policy *and* in exercising discretion." *Harinek v. 161 N. Clark Street Ltd. P'ship*, 692 N.E.2d 1177, 1181 (Ill. 1998)(emphasis in original)(citing 745 ILCS 10/2-201)(stating that "[t]he employee's position thus may be one which involves either determining policy or exercising discretion, but . . . the act or omission must be both a determination of policy and an exercise of discretion").

In the instant action, Defendants argue that, based upon the allegations in the second amended complaint, it is clear that the Board had no personal involvement in the alleged sexual assaults. Defendants argue that to the extent that the Board is referenced in the second amended complaint, the decision by the Board concerning Blitz's employment status involved only the Board's discretionary policy-making

5

authority. Plaintiff responds that "[u]nder the Illinois Abused and Neglgected Child Reporting Act, school personnel are divested of any discretion and must notify the Department of Family and Child Services of suspected abuse." (Ans. 3). According to Plaintiff, the Board's decision concerning Blitz was not discretionary since the Board had "no discretion but to notify the authorities of suspected child abuse" and the Board breached its "duty to contact the authorities." (Ans. Mem. 3-4). However, the negligent retention claim is not based upon a failure by the Board to report Blitz to the authorities, nor is it premised upon the Board's duty to notify authorities of child abuse. There are in fact no allegations in the second amended complaint that indicate that the Board failed to notify authorities of child abuse. Rather, Plaintiff asserts that the Board is liable since it "continued to employ" Blitz despite alleged knowledge of allegations of misconduct by Blitz. (SA Compl. CI Par. 20). A negligent retention claim is based upon the negligent retention of an employee. *See Van Horne v. Muller*, 705 N.E.2d 898, 904 (Ill. 1998)(defining elements for negligent retention claim). Thus, the Board's duty to report child abuse to authorities is a separate issue that is not before us and does not offer any justification for nullifying the effect of Section 2-201.

In *Doe v. Dimovski*, 783 N.E.2d 193 (Ill. App. Ct. 2003), the plaintiff brought a claim, as Plaintiff does in the instant action, alleging that a teacher had an improper sexual relationship with the plaintiff. *Id.* at 196. In *Dimovski*, the court held that Section 2-201 did not immunize the defendants from liability due to the reporting requirements of the defendant. *Id.* at 198. However, in *Dimovski*, one of the claims

brought by the plaintiff was a claim based upon the defendants' "fail[ure] to notify DCFS about previous complaints of inappropriate sexual behavior involving" the defendant. *Id.* at 196. The court, in fact, noted that "the gravamen of plaintiff's complaint is based on the failure to report" and that "[S]ection 2-201 d[id] not immunize the [defendant] from liability for the failure to report." *Id.* at 198-99. In the instant action, unlike in *Dimovski*, there are no allegations that indicate that Defendants failed to report abuse to the authorities and the negligent retention claims are not based upon a failure to report. Nor would the decision to report Blitz have necessarily been tied to the decision of the Board to report Blitz to the authorities. If the authorities investigated Blitz and failed to bring charges, the Board would have discretion in assessing whether to fire Blitz. The decision by the Board concerning whether to retain Blitz at the School was thus a separate discretionary decision and the Board was exercising its policy-making authority in making such a decision. Thus, the Board's decision to retain Blitz was protected by Section 2-201.

Plaintiff also argues that a ruling on the applicability of Section 2-201 is premature at this stage since the federal pleading rule only requires Plaintiff to provide sufficient facts to put Defendants on notice of the claims brought against them. While Plaintiff's explanation of a portion of the federal pleading standard is correct, that law is not applicable to the arguments presented in Defendants' motion to dismiss. Defendants are not arguing that Plaintiff has failed to provide sufficient facts to delineate its claim. The second amended complaint clearly lays out the

7

negligent retention claim, with the supporting facts and even specifically labels the negligent retention claim. Defendants' motion to dismiss is based upon the fact that Plaintiff is precluded by law from pursuing a negligent retention claim against Defendants in light of the protection of Section 2-201. Plaintiff's contention that it has provided Defendants with "minimal notice of the claim called upon to defend" does not impact the effect of Section 2-201 and does not authorize Plaintiff to continue onward in this action with a claim that is legally precluded. (Ans. Mem. 5). Therefore, we grant the motion to dismiss the negligent retention claim against the Board.

### B. Negligent Retention by Williams and Herrmann

Defendants argue that Williams and Herrmann cannot be held liable for negligent retention since they did not have authority to discharge Blitz. Plaintiff does not contest the assertion that Williams and Herrmann lacked the authority to discharge Blitz, but Plaintiff argues that the court should decline to rule on this issue at this stage of the proceedings since "[i]t is possible that . . . Williams and Herrmann as the superintendent and principal of Defendant Blitz could have taken corrective measures and put a cessation to the abuse." (Ans. Mem. 5). Plaintiff also argues that Williams and Herrmann were "in a position to transfer the [Minor] out of Blitz'[s] classroom" or "[p]lace extra supervision on Blitz, or remove Blitz from the classroom all together." (Ans. Mem. 5). Such arguments by Plaintiff fail to take into

8

consideration that a negligent retention claim is based upon a failure to terminate an individual's employment. *See Van Horne*, 705 N.E.2d at 904 (stating that "Illinois law recognizes a cause of action against an employer for negligently hiring, *or retaining in its employment*, an employee it knew, or should have known, was unfit for the job so as to create a danger of harm to third persons")(emphasis added). Therefore, whether or not Williams and Herrmann could have transferred the Minor out of Blitz's classroom or otherwise altered Blitz's job responsibilities is not relevant for the purposes of evaluating the negligent retention claim.

Plaintiff also again argues that it has provided Defendants with "minimal notice" of the negligent retention claim. However, Defendants' motion to dismiss is not based upon the adequacy of the facts included in the second amended complaint. (Ans. Mem. 5). Rather, Defendants acknowledge in their motion to dismiss that Plaintiff has pled the negligent retention claim, and argue that the claim is legally deficient. Plaintiff concedes that neither Williams nor Herrmann could have fired Blitz and, therefore, we grant Defendants' motion to dismiss the negligent retention claim against Williams and Herrmann.

II. Negligent Supervision Claims (Count II)

Defendants argue that they cannot be held liable on the negligent supervision claims since Plaintiff has not alleged that Defendants' conduct was willful and wanton. Pursuant to 745 ILCS 10/3-108 ("Section 10/3-108"), "neither a local

9

public entity nor a public employee who undertakes to supervise an activity on or the use of any public property is liable for an injury *unless the local public entity or public employee is guilty of willful and wanton conduct in its supervision* proximately causing such injury." 745 ILCS 10/3-108(a) (emphasis added); *see also Dimovski*, 783 N.E.2d at 200 (stating that "[t]o sufficiently plead willful and wanton misconduct, a plaintiff must allege either a deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of the plaintiff"). The second amended complaint does not include allegations that indicate willful and wanton misconduct in regard to Defendants' supervision of Blitz. (SA Compl. Par. 1-16, CII Par. 17-24). We note that even in the other counts in the complaint, Plaintiff merely alleges that Defendants possibly knew of allegations of misconduct by Blitz. (SA Compl. CI Par. 20). Such allegations do not indicate wilful and wanton misconduct. Plaintiff does not allege that Defendants failed to act when they knew that Blitz had actually engaged in such misconduct. Plaintiff also admits that it has failed to plead allegations that indicate willful and wanton misconduct in regard to supervision on the part of Defendants and Plaintiff requests leave to amend its complaint to include willful and wanton misconduct allegations in regard to supervision. (Ans. Mem. 6). However, the answer to a motion to dismiss is not the appropriate brief in which to seek leave to amend a complaint. The parties were ordered to brief the issues presented in the motion to dismiss and Plaintiff's arguments in its answer can only pertain to those presented in the motion to dismiss. Since Plaintiff concedes it has failed to plead sufficient allegations to show willful and wanton misconduct, we

10

grant Defendants' motion to dismiss the negligent supervision claims (Count II). We note that Plaintiff has included in the second amended complaint a separate willful and wanton misconduct count, but that count addresses alleged willful and wanton misconduct relating to the failure to take action against Blitz and thus relates to the decision to retain Blitz rather than the supervision of Blitz. (SA Compl. CIV Par. 17-21).

III. Negligent Infliction of Emotional Distress Claims (Count III)

Defendants argue that Plaintiff cannot pursue the negligent infliction of emotional distress claims since a duty to supervise is the basis for the claims. Defendants contend that, as with the negligent supervision claims, Section 10/3-108 bars the negligent infliction of emotional distress claim. Under Illinois law, a plaintiff bringing a negligent infliction of emotional distress claim must show: "(1) that defendant owed plaintiff a duty; (2) that defendant breached that duty; and (3) that plaintiff's injury was proximately caused by that breach." *Parks v. Kownacki*, 737 N.E.2d 287, 296-97 (Ill. 2000). Defendants argue that Plaintiff is basing its negligent infliction of emotional distress claim upon the Defendants' duty to supervise Blitz. Plaintiff does not deny that its negligent infliction of emotional distress claims are based upon the duty to supervise. (Ans. Mem. 7). Instead, Plaintiff merely argues that it "has pleaded all the necessary elements of the claim" and put Defendants on notice that they breached their duties to the Minor. (Ans.

Mem. 7). Since Plaintiff concedes that it is seeking to base its negligent infliction of emotional distress claim upon Defendants' duty to supervise, Section 10/3-108 precludes Plaintiff from proceeding on the claim since, as is indicated above, there are no allegations of willful and wanton misconduct on the part of Defendants in regard to supervision. Therefore, we grant Defendants' motion to dismiss the negligent infliction of emotional distress claims (Count III).

IV.  Willful and Wanton Misconduct Claims (Count IV)

Defendants argue that Plaintiff is precluded under Section 2-201 from pursuing the willful and wanton misconduct claims. As with Count I, Plaintiff contends that Section 2-201 is not applicable. We agree with Defendants that the willful and wanton misconduct claims are based upon the decision to retain Blitz, which was a discretionary decision, made in accordance with the Board policies and thus is covered under Section 2-201. Therefore, we grant Defendants' motion to dismiss the willful and wanton misconduct claims (Count IV).

V.  Section 1983 Claims

Defendants argue that Plaintiff cannot pursue the Section 1983 claims against Williams and Herrmann in their individual capacities and that the official capacity Section 1983 claims are subsumed by the Title IX claims.

A.  Individual Liability Claims

Defendants contend that Williams and Herrmann cannot be held liable in their individual capacities under Section 1983. A plaintiff cannot pursue Section 1983 claims "'against individuals merely for their supervisory role of others. . . .'" *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)(quoting in part *Zimmerman v. Tribble,* 226 F.3d 568, 574 (7th Cir. 2000)). A plaintiff pursuing a Section 1983 claim must show that the individual defendant had "personal involvement in the alleged constitutional deprivation to support a viable claim." *Id.* (stating that "[a]lthough direct participation is not necessary, there must at least be a showing that the [individual supervisor] acquiesced in some demonstrable way in the alleged constitutional violation"); *see also Hildebrandt v. Ill. Dept. of Natural Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003)(stating that "'liability does not attach unless the individual defendant caused or participated in a constitutional deprivation'")(quoting *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996)).

Defendants argue that the second amended complaint does not specifically allege that Williams or Herrmann were aware of Blitz's alleged sexual assaults on students. Plaintiff alleges that Defendants investigated the allegations made against Blitz, that Defendants "were uniquely aware of the danger [Blitz] posed to students," that Defendants failed to "detect sexual assaults by" Blitz, and that Defendants' alleged "utter indifference" or "conscious disregard" of Blitz's misconduct resulted in the harm to the Minor. (SA Compl. CI Par. 19, CII Par. 22, CIV Par. 19). Such

13

allegations concerning Williams' and Herrmann's alleged knowledge of possible sexual abuse and alleged failure to take action state sufficient personal involvement by Williams and Herrmann to withstand a motion to dismiss. The alleged knowledge by Williams and Herrmann of possible misconduct by Blitz and the alleged indifference and failure to act constitutes the type of acquiescence that satisfies Section 1983. *See Hildebrandt*, 347 F.3d at 1039 (stating that the participation requirement is satisfied if the official knew of the misconduct and it occurred "at [his] direction or with [his] knowledge and consent" and thus the official "facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye"). Although Plaintiff falls short in its second amended complaint of specifically asserting that Defendants knew of the sexual assaults and failed to take action, the Defendants do allege that Defendants "knew or should have known of allegations of sexual assault, sexual misconduct, or inappropriate touching of female students." (SA Compl. CI Par. 20). For the purposes of the instant motion to dismiss, we must accept all well pled facts as true, and make all inferences in Plaintiff's favor. *Thompson*, 300 F.3d at 753. If it is possible based on the allegations in the complaint that Plaintiff may have a claim, we cannot resolve the claim at the motion to dismiss stage. *See Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail . . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief"). There are sufficient allegations presented at this stage by Plaintiff to allege that Williams and Herrmann turned a blind eye to Blitz's

14

misconduct. We note that at the summary judgment stage, Plaintiff will need to point to sufficient evidence to support its contentions concerning Williams' and Herrmann's personal involvement with the Minor's alleged constitutional deprivations. Therefore, we deny Defendants' motion to dismiss the Section 1983 individual liability claims.

### B. Official Capacity Claims

Defendants argue that the Section 1983 official capacity claims are subsumed by the Title IX claims. The official capacity claims brought against Williams and Herrmann are the equivalent to claims brought against the School itself. *Doe v. Smith*, 470 F.3d 331, 337 n.12 (7th Cir. 2006)(stating that the official capacity claims against school officials were "essentially redundant and treated as suits against the school district itself"). The Seventh Circuit has agreed with the Third Circuit "that constitutional claims asserted under [Section] 1983 are subsumed under Title IX." *Waid v. Merrill Area Pub. Sch.*, 91 F.3d 857, 862 (7th Cir. 1996)(stating that "a plaintiff may not claim that a single set of facts leads to causes of action under both Title IX and [Section] 1983" and that "a plaintiff may not claim that an instance of intentional discrimination simultaneously creates causes of action under Title IX and under [Section] 1983"). The Title IX preemption only applies to official capacity claims. *See Doe,* 470 F.3d at 339 (stating that "there is a crucial line in [the] case law between suits against the alleged malefactor who is not shielded from section

15

1983 liability . . . and suits against school officials implementing the challenged education practice or policy who are shielded from individual liability," and that "[i]n the latter instance, [the Court has] held that a [S]ection 1983 claim is not cognizable because Title IX provides comprehensive recourse (the loss of federal funds) for the discriminatory practice or policy").

In the instant action, Plaintiff argues that the Title IX preemption only applies to race-based discrimination, but Plaintiff fails to cite any controlling precedent in support of its proposition. (Ans. Mem. 9). Plaintiff also argues that it is premature to assess the Title IX issue, but Plaintiff has failed to show how the resolution of any facts or the production of evidence during discovery would alter Defendants' assertion that the Section 1983 claim is preempted by the Title IX claims. Therefore, we grant Defendants' motion to dismiss the Section 1983 official capacity claims.

## CONCLUSION

Based on the foregoing analysis, we grant the motion to dismiss the negligent retention claims (Count I), the negligent supervision claims (Count II), the negligent infliction of emotional distress claims (Count III), the willful and wanton misconduct claims (Count IV), and the Section 1983 official capacity claims (Count VI). In addition, we deny Defendants' motion to dismiss the Section 1983 individual capacity claims (Count VI).

Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 16, 2007